No. 19,624.

A. L. NOBLE and J. N. TINCHER, Partners, etc., *Appellees*, v.
J. F. FISHER, *Appellant*.

### SYLLABUS BY THE COURT.

ATTORNEY'S FEE—*Employment by Father to Defend Son in Criminal Action—Statute of Frauds.* A father was sued upon an oral contract employing attorneys to defend his son in a criminal action. They testified that he had employed them. He denied that he had made any contract with them and offered evidence to show that the son employed them. The court instructed that before the plaintiffs could recover they must prove by a preponderance of the evidence that they were employed by the defendant to render the services; that there must have been a contract with him, and that he could not be held for the debt of his son. *Held*, that there was no error in refusing to give an instruction setting out in substance the language of the statute of frauds.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed July 10, 1915. Affirmed.

*Charles C. Calkin*, of Kingman, for the appellant.

*Samuel Griffin,* and *Seward I. Field,* both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellees sued appellant upon an oral contract of employment to defend his son in a criminal prosecution, alleging in their petition that the agreement was to pay a specified fee. The answer was a general denial. The jury found for appellees and the court gave them judgment.

Appellant claims there was error in refusing to instruct the jury upon "the statute of frauds," his contention being that the son first employed the attorneys and that they are seeking to hold him in this action upon an oral promise to answer for the son's debt. The appellees, however, neither claimed nor offered proof of any employment by the son except to show that they agreed with him that they would act for him in securing bail after he was arrested. Their testimony is that the father employed them to defend the son and agreed to pay the fee, and that they stated to him at the time that if he saw fit not to employ them they would make no charge for the slight services already rendered the son in securing his release on bond pending the preliminary examination. It is true, their evidence showed that when one of them shortly before the commencement of the action demanded of appellant payment of the fee he said in reply: "You go and see the boy. He hired you," but the fact that appellant made the statement was no evidence of its truth. Proof of an admission in his own interest and against that of his adversary can not avail appellant. (16 Cyc. 940.) The instructions given required the appellees before they could recover to show by a preponderance of evidence that they were employed by the appellant to render the services, and that they did so in accordance with the contract of employment. The court instructed the jury that he could not be held for the debt of his son. The jury were not concerned about whether it was the statute of frauds or something else which prevented the appellant from becoming liable on an oral promise to pay the debt of his son. There was no error in the instructions.

There was a conflict in the evidence which the jury resolved against appellant. We find no error in the record and the judgment is affirmed.